UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE MELILLO<br>3722 Jasmine Lane<br>Aurora, OH 44202<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiffs,<br><br>    *v.*<br><br>REVENUE ASSISTANCE<br>CORPORATION<br>c/o Michael T. Sheehan<br>4780 Hinkley Industrial Parkway<br>Suite 200<br>Cleveland, OH 44109<br><br>        Defendant. | CASE NO. 1:17-cv-00309<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Jamie Melillo, by and through counsel, on behalf of himself and all others similarly situated, respectfully files this Class and Collective Action Complaint, and states and alleges as follows:

## INTRODUCTION

1. This claim shares a strong—indeed, a nearly identical—factual nexus as the case filed by Ruby Clarke against the same Defendant, currently pending in the Northern District Ohio, Case No. 1:16-cv-01667, *Clarke, et al. v. Revenue Assistance Corp.* It involves the same FLSA and Ohio Wage law violations, committed by Revenue Assistance Corporation's (hereinafter "Defendant's") human resource department. Many employees of Defendant worked at different times as debt collectors in the second floor of Defendant's office and at other times

downstairs as telephone sales employees under Revenue Assistance Corporation's "SalesLoft" trade name. Although Defendant Revenue Assistance Corporation committed the same wage and hour violations as in the ongoing *Clarke* matter, Defendant did not agree to an amended complaint encompassing sales employees under the same violations. Plaintiff Jamie Melillo (hereinafter "Plaintiff") has therefore filed this claim as a separate, related action.

2. Plaintiff brings this case to challenge policies and practices of Defendant Revenue Assistance Corporation that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated". Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and all other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. At all times relevant, Plaintiff Jamie Melillo was a citizen of the United States and a resident of Portage County, Ohio. Plaintiff brings a collective action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation and related damages on behalf of himself and all other similarly situated non-exempt hourly sales consultants/telesales representatives, and all other employees with other similar job titles. Plaintiff additionally brings a class action under Federal Rule of Civil Procedure 23 against Defendant on behalf of himself and all other sales consultants/telesales representatives, and all other employees with similar job titles, under the laws of the State of Ohio.

7. Defendant is an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Michael T. Sheehan, 4780 Hinckley Industrial Parkway, Suite 200, Cleveland, OH 44109. Upon information and belief, statutory agent Michael T. Sheehan's email address is msheehan@revenuegroup.com.

## FACTUAL ALLEGATIONS

### Defendant's Business

8. Defendant regularly does business as "THE REVENUE GROUP", "REVENUE GROUP", and "SALESLOFT", and does or formerly did business as "R.A.C." According to records maintained by the Ohio Secretary of State, Defendant registered "R.A.C." as a trade name in 1996; registered "REVENUE GROUP" as a trade name in 2003; and registered "SALESLOFT" as a trade name in 2015.

9. In addition to debt collection and debt management services, Defendant provides telesales services to customers and clients across the United States. Upon information and belief,

3

Defendant provides services including but not limited to lead generation and follow-up, appointment setting, customer service and order entry, utility industry services, membership sales, direct marketing / channel sales, b2b and b2c services, warranty services and contract sales, call overflow support, insurance sales, customer surveys and market research, cross selling and up selling, and retention services. [1] Defendant's website states that "[Defendant's] ability to integrate state-of-the-art call center technology with knowledgeable and experienced customer service agents sets us apart from all other providers." *Id.*

### Defendant's Status as Employer

10. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. Chapter 4111, and employed hourly employees, including Plaintiff.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's Non-Exempt Status with Defendant

14. Plaintiff Jamie Melillo was employed by Defendant between 2014 and 2016.

15. Defendant employed Plaintiff Melillo in Cleveland, Ohio as a sales consultant/telesales representative.

---

[1] http://salesloft.net/?page_id=69 (accessed February 14, 2017). The website of *http://salesloft.net*'s Registrant Contact, Admin Contact and Tech Contact is THE REVENUE GROUP, msheehan@revenuegroup.com. *See* https://whois.icann.org/en/lookup?name=salesloft.net.

16. Plaintiff, the FLSA Collective, and the Ohio Class, were classified by Defendant as non-exempt employees and paid on an hourly basis.

17. Plaintiff, the FLSA Collective, and the Ohio Class, worked in excess of forty (40) hours per week as sales consultants/telesales representatives and/or other similar job titles/functions and were eligible for and received commissions and/or non-discretionary bonuses during their employment with Defendant.

18. At all times relevant, Plaintiff, the FLSA Collective, and the Ohio Class, were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

19. At all times relevant, Plaintiff, the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked**

20. Defendant employs call center employees, including debt collectors, sales consultants/telesales representatives, and employees with other similar job titles/functions at Defendant's business location located at 4780 Hinckley Industrial Parkway, Cleveland, Ohio 44109.

21. Defendant's policy and practice is to deny earned wages, including overtime wages, to its non-exempt hourly employees. Specifically, Defendant requires its employees to be present and perform work in excess of forty hours per work week, fails to properly and accurately report wages earned and hours worked, fails to properly and accurately calculate overtime compensation, and further fails to pay for all hours worked.

22. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA as well as the statutes and common law of the State of Ohio.

23. All non-exempt hourly sales consultants/telesales representatives, and employees with other similar job titles are similarly situated in that they share common job duties and descriptions and are all subject to Defendant's policy and practice that requires them to perform work, including overtime, without compensation. These non-exempt hourly employees share a common chain of command.

24. The requirement to work overtime by hourly sales consultants/telesales representatives, and employees with other similar job titles was unavoidable due to understaffing and/or unrealistic production/productivity quotas, and hourly sales consultants/telesales representatives, and employees with other similar job titles, were required to work overtime hours before and after their shift in order to complete their job duties.

25. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level –sales consultants/telesales representatives, and employees with other similar job titles were under instructions and significant pressure from Defendant to restrict the amount of overtime reported.

26. In furtherance of Defendant's policy and practice of failing to pay for all overtime hours worked by sales consultants/telesales representatives, and employees with other similar job titles, Defendant (1) does not allow and/or discourages hourly sales consultants/telesales representatives, and employees with other similar job titles to record all hours worked, including hours in excess of forty per work week, in the timekeeping system; and (2) encourages hourly sales consultants/telesales representatives, and employees with other similar job titles to work off

the clock, and without being logged into the timekeeping system to maintain and/or increase production/productivity quotas.

27. Defendant currently uses a time keeping system known as "Paylocity" to record hours worked. Defendant previously used a time keeping system provided by ADP, LLC to record employee hours worked. Employee calls and call data are tracked by several systems.

28. Defendant's hourly employees, including hourly sales consultants/telesales representatives, and all other employees with other similar job titles, are also eligible for nondiscretionary bonuses for meeting certain production/productivity quotas established by Defendant. Hourly sales consultants/telesales representatives, and all other employees with other similar job titles were encouraged to work off the clock in order to increase production/productivity for the hours actually paid at the employees' hourly rates. Defendant also failed to include the nondiscretionary bonuses in calculating regular rates of pay for the purposes of compensating overtime.

**Defendant's Failure to Pay Overtime Compensation at the Lawful "Regular Rate"**

29. Plaintiff, the FLSA Collective, and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

30. The FLSA and Ohio law required Defendant to pay overtime compensation to their hourly employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

31. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective, and the Ohio Class at the time-and-a-half regular rate required. The FLSA and Ohio law required Defendant to pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all

remunerations for employment paid to, or on behalf of, the employee," including commissions and non-discretionary bonuses within the meaning of the FLSA. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117; O.R.C. § 4111.03(A) (incorporating FLSA standards).

32. Defendant unlawfully excluded commissions and non-discretionary bonuses that were paid to Plaintiff and other members of the FLSA Collective and Ohio Class in determining their "regular rates" for the purposes of overtime compensation during weeks wherein they worked more than forty (40) hours. Defendant thereby miscalculated the regular rate for hourly employees, such as Plaintiff, and the other members of the FLSA Collective and Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

35. The FLSA Collective consists of:

All present and former hourly employees of Defendant who worked as sales consultants/telesales representatives, and all other similar job titles during the period of three years preceding the commencement of this action to the present.

36. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees, all were subjected to and injured by Defendant's unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 300 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff additionally brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio, defined as:

> All present and former hourly employees of Defendant who worked as sales consultants/telesales representatives, and all other similar job titles during the period of two years preceding the commencement of this action to the present.

41. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 500 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

42. There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendant has engaged in a policy or practice of requiring or permitting its non-exempt hourly sales consultants/telesales representatives, and employees with similar job titles to work off the clock without compensation;

Whether Defendant has engaged in a policy or practice of altering the time records of its non-exempt hourly sales consultants/telesales representatives, and employees with similar job titles;

Whether Defendant has engaged in a policy or practice of failing or refusing to pay for all hours worked by its hourly, non-exempt sales consultants/telesales representatives, and employees with similar job titles;

Whether Defendant's commission and/or non-discretionary bonus policies or practices violated Ohio law?

Whether Defendant properly calculated the regular rate for Plaintiff and other class members?

Whether Defendant's actions were willful.

43. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

44. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

49. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

50. Plaintiff, the FLSA Collective and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

51. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

52. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

53. As a result of Defendant's violations of the FLSA, Plaintiff, the FLSA Collective and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **COUNT TWO**
**(Ohio Overtime Violations)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

57. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

58. These violations of Ohio law injured Plaintiff, the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

59. Defendant is therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
**(Breach of Contract)**

60. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this breach of contract claim on behalf of himself, and on behalf of others "similarly situated" who are part of the FLSA Collective and the Ohio Class.

62. At all times relevant, the terms of compensation established by Defendant promised the employees they would be paid wages at certain quoted hourly rates, and commissions at certain percentages, and all of the work Plaintiff, the FLSA Collective and Ohio Class performed during their employment was performed under, and in return for, those terms of compensation.

63. However, Plaintiff, the FLSA Collective and Ohio Class were not paid the quoted hourly rates and commissions they agreed to be paid but were instead paid less than agreed. Defendant breached the terms of its compensation by failing to pay them the hourly rates they contracted and agreed to be paid.

64. Plaintiff, members of the FLSA Collective and Ohio Class were injured by Defendant's breach of contract in that they did not receive the wages and commissions that they contracted to be paid.

## COUNT FOUR
**(Unjust Enrichment)**

65. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

66. As hereinabove alleged, the terms of compensation established by Defendant promised employees they would be paid wages at certain quoted hourly rates, and commissions, and all of the work Plaintiff, the FLSA Collective and Ohio Class performed during their employment was performed under, and in return for, those terms of compensation. However,

Plaintiff, the FLSA Collective and the Ohio Class were not paid certain quoted hourly rates they agreed to be paid but were instead paid less than agreed.

67. Insofar as Defendant disavows or otherwise avoids contractual liability for wages and commissions promised but unpaid, and/or if there is an otherwise absence of remedy provided by law, Plaintiff, members of the FLSA Collective and the Ohio Class assert a claim for unjust enrichment as follows.

68. Defendant has been unjustly enriched at the expense of Plaintiff and members of the FLSA Collective and Ohio Class.

69. Plaintiff and members of the FLSA Collective and Ohio Class have fully performed work that ultimately benefitted Defendant.

70. Defendant has retained the benefit of Plaintiff's and other members of the FLSA Collective and Ohio Class' services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount; and

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action

and such further relief as the Court deems equitable and just.

                                Respectfully submitted,

                                *s/ Ryan A. Winters*
                                Joseph F. Scott (0029780)
                                Ryan A. Winters (0086917)
                                Scott & Winters Law Firm, LLC
                                The Superior Building
                                815 Superior Avenue E., Suite 1325
                                Cleveland, OH 44114
                                440-498-9100
                                jscott@ohiowagewlawyers.com
                                rwinters@ohiowagelawyers.com

                                Kevin M. McDermott II (0090455)
                                MCDERMOTT LAW LLC
                                11925 Pearl Road, Suite 310
                                Strongsville, Ohio 44136
                                Telephone: 216-367-9181
                                Facsimile: 440-846-1625
                                kevin@mcdermottattorney.com

                                *and*

                                Mark S. Shearer (0066739)
                                11925 Pearl Road, Suite 310
                                Strongsville, Ohio 44136
                                Telephone: 440-846-1629
                                Facsimile: 440-846-1625
                                markshearerlawyer@att.net

                                *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                *s/ Ryan A. Winters*
                                                Ryan A. Winters (0086917)